IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2011

**TRACY GLENN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Gibson County**
**No. 8865        Clayburn L. Peeples, Judge**

**No. W2011-00399-CCA-R3-PC  - Filed January 11, 2012**

The petitioner, Tracy Glenn, appeals the denial of her petition for post-conviction relief from her Class E felony theft conviction, arguing that she was denied a fair trial and received ineffective assistance of counsel because the jury was not instructed on facilitation as a lesser-included offense.   Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Joseph E. Tubbs, Humboldt, Tennessee, for the appellant, Tracy Glenn.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Garry G. Brown, District Attorney General; and Jason Scott and Edward L. Hardister, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On July 7, 2009, the Gibson County Grand Jury returned an indictment charging the defendant with one count theft of property over $500, a Class E felony, for having knowingly aided and assisted Latonya Croom in her theft of property from a Walmart store. On March 2, 2010, the defendant was convicted by a Gibson County jury of the indicted offense.  She was subsequently sentenced by the trial court as a Range II, multiple offender to three years and six months in the Department of Correction.  She filed no direct appeal of her conviction or sentence.

The petitioner subsequently filed a *pro se* petition for post-conviction relief, followed by an amended petition after the appointment of counsel, in which she raised the following two claims: (1) that she was denied her right to the effective assistance of counsel due to counsel's having talked her out of accepting a plea offer from the State; and (2) that she was denied her right to a fair trial "due to the failure to charge the jury" on the lesser-included offense of facilitation.

Although the petitioner presented proof and argued both claims at the evidentiary hearing, on appeal she confines herself to arguing that she was denied the effective assistance of counsel and a fair trial due to counsel's failure to request that the jury be instructed on facilitation as a lesser-included offense.

The petitioner did not include the transcript of her trial in the record on appeal. From the evidentiary hearing testimony, however, we have gleaned that the State presented evidence at trial, in the form of the store's surveillance tape and the testimony of a police officer, to show that the petitioner was involved with Croom in shoplifting a number of items from the store, which ended up in the petitioner's vehicle.

When asked at the evidentiary hearing why she had not accepted the State's offer of eleven months and twenty-nine days in exchange for a guilty plea to misdemeanor theft, the petitioner replied: "Because I never took nothing out of the store and the definition of theft is to deprive or conceal and the camera never showed me any time depriving or concealing anything in Walmart and that's why I went to trial." The petitioner added that trial counsel also advised her not to take the offer, telling her that she would be facing essentially the same amount of time if she lost at trial. She said that trial counsel never spoke to her about the jury instructions and that she simply assumed he would represent her to the best of his ability. On cross-examination, the petitioner acknowledged that she had prior convictions for aggravated robbery, six counts of forgery, and theft under $500.

The petitioner's fiancé, Gregory Lenon, who said he was present at every meeting that the petitioner had with counsel, testified that trial counsel never discussed lesser-included offenses or any trial strategy of not requesting a lesser-included offense.

The petitioner's trial counsel testified that the petitioner chose to go to trial rather than accept the plea offer because she wanted to be able to watch her daughters, who were stars on their school basketball team, finish their season. The petitioner also believed that her co-defendant would prove her innocent by testifying that she alone was responsible for the theft. When it came down to trial, however, the co-defendant instead testified that the petitioner might have been aware of the stolen clothes that she put in the backseat of the petitioner's car.

Trial counsel testified that he did not request an instruction on facilitation because his defense strategy consisted of attempting to show that the petitioner had no knowledge of Croom's theft of items from the store. He explained:

> Right; and there wasn't any lesser offense to it because she claimed she didn't know, she picked up the co-defendant on the way to Walmart. They get out at Walmart. They both go in. They have cameras on them and, of course, the jury believed that they got together at various times because the co-defendant would push her buggy back to where [the petitioner's] buggy was and then they would swap stuff in the buggies.

Trial counsel testified that, after the trial, Lenon and the petitioner told him that they were discharging him and hiring attorney Jim Webb to handle the appeal. Webb, however, never filed an appeal, which trial counsel believed was due to his not having been paid.

On April 19, 2011, the post-conviction court entered a written order denying the petition in which it found, among other things, that trial counsel provided effective representation and that the issue regarding the lack of a jury instruction on facilitation should have been raised on direct appeal and, thus, was not properly before the post-conviction court. This appeal followed.

## ANALYSIS

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2006). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issues of deficient performance of counsel and possible prejudice to the defense are mixed questions of law and fact and, thus, subject to *de novo* review by the appellate court. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

In order to determine the competence of counsel, Tennessee courts have applied standards developed in federal case law. See State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The United States Supreme Court articulated the standard in Strickland v. Washington, 466 U.S. 668 (1984),

which is widely accepted as the appropriate standard for all claims of a convicted petitioner that counsel's assistance was defective. The standard is firmly grounded in the belief that counsel plays a role that is "critical to the ability of the adversarial system to produce just results." Id. at 685. The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687. The Strickland Court further explained the meaning of "deficient performance" in the first prong of the test in the following way:

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. . . . No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.

Id. at 688-89. The petitioner must establish "that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (citing Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996)).

As for the prejudice prong of the test, the Strickland Court stated: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694; see also Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994) (concluding that petitioner failed to establish that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different").

Courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

-4-

We note that when post-conviction proceedings have included a full evidentiary hearing, as was true in this case, the trial judge's findings of fact and conclusions of law are given the effect and weight of a jury verdict, and this court is "bound by the trial judge's findings of fact unless we conclude that the evidence contained in the record preponderates against the judgment entered in the cause." Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The fact that a strategy or tactic failed or hurt the defense does not alone support the claim of ineffective assistance of counsel. See Thompson v. State, 958 S.W.2d 156, 165 (Tenn. Crim. App. 1997). Finally, a person charged with a criminal offense is not entitled to perfect representation. See Denton v. State, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). As explained in Burns, 6 S.W.3d at 462, "[c]onduct that is unreasonable under the facts of one case may be perfectly reasonable under the facts of another."

The petitioner frames her issue on appeal as whether "the failure to charge the jury on lesser included offenses [is] an issue that can be raised for the first time in a Petition for Post-Conviction Relief." Essentially, though, she argues two separate issues in her brief: first, whether she was denied the right to a fair trial and due process by the trial court's failure to charge the jury on facilitation; and, second, whether trial counsel was deficient in his representation, thereby prejudicing the outcome of her case, by his failure to request the instruction.

The petitioner contends that she had no opportunity to raise the lack of a jury instruction on facilitation as an issue in any prior proceeding because trial counsel failed to request the instruction in writing, as required for direct appeal review under Tennessee Code Annotated section 40-18-110(c). The State disagrees, arguing that the post-conviction court properly found that the issue was waived for post-conviction review because it could have been litigated on direct appeal. We agree with the State.

As the State points out, trial counsel's failure to request the instruction would not have precluded the petitioner from seeking plain error review of the issue on direct appeal. Furthermore, the petitioner did not offer any evidence, either in the form of her own testimony or that of her appellate counsel, as to why she did not file a direct appeal of her conviction. We, therefore, agree with the State that there is no proof that the petitioner, a woman with multiple prior convictions who was unquestionably familiar with the judicial system, was denied the right to a direct appeal such as would warrant the granting of a delayed appeal in the case.

The petitioner further contends that trial counsel provided ineffective assistance by his failure to request that the jury be instructed on facilitation as a lesser-included offense of theft. With respect to this issue, the post-conviction court found that, under the facts of the case, counsel's failure to request the instruction "could have been a logical determination by an attorney," and, thus, did not constitute a deficiency in representation. The record fully supports the findings and conclusions of the post-conviction court. Trial counsel explained that his trial defense strategy consisted of attempting to show that the petitioner had no knowledge of her companion's theft of items from the store. Under such circumstances, a facilitation instruction would not have been warranted. The petitioner has not, therefore, shown either a deficiency in counsel's representation or that she was prejudiced as a result.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE